■ In the Matter of CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant, against ROBERT G. PARR, Respondent.— Appeal from an order of the Supreme Court, Special Term, Albany County which confirmed an award of damages in a condemnation proceeding for the taking by appellant of certain property rights of the respondent owner. The damages awarded by the commissioners amounted to the sum of $1,000. The property condemned was an easement and right of way about 1,670 feet in length along a public highway in the Town of Gardiner, Ulster County. The right of way was acquired for the purpose of erecting a pole line to transmit and distribute electricity in the course of appellant's business. The pole line as authorized and constructed is alleged to be located wholly within the bounds of said highway between the northeasterly side of the travelled portion thereof and a stone wall on respondent's property. Two electric circuits are authorized, one with a maximum operating voltage not to exceed 33,000 volts, and the other with a maximum voltage not to exceed 15,000 volts, both circuits to be mounted on crossarms with a maximum length of 10 feet. In addition, no structures may be erected closer than specified in the National Electric Safety Code, and rights were obtained to cut and trim trees for a clearance of 10 feet from any conductors. Respondent's farm consists of about 105 acres, and is bisected by the highway mentioned which runs northeast to southwest across the property. On the east of the highway there are 40 acres of vacant land, and the balance of the farm is on the west side together with farm buildings. Apparently respondent owns the fee to the highway in question subject to a public easement for highway purposes, and we assume the erection of a pole line, which was not a highway purpose, was an additional burden on the fee and hence appellant was obliged to procure an easement therefor. There is some testimony that respondent cleared and leveled the 40-acre tract on the east side of the highway to make the same suitable for an airfield, and that the erection of a pole line would prevent the use of that tract for such purpose. The testimony as to the value of such tract for use as an airfield is somewhat nebulous and unsatisfactory if the award was based on that theory alone. The commissioners however made no finding as to this matter and awarded the respondent what they conceived to be the difference between the fair market value of the entire property before the taking and after, with all damages resulting to the remainder of the land by virtue of the taking. In view of the general finding of the commissioners, who viewed the premises, we think the award should be sustained. Something more is involved than merely a pole line strictly within the bounds of a highway. In addition to the actual right of way respondent is restricted from erecting any houses or structures within the area specified by the National Electric Safety Code without the written consent of the appellant. Under the provisions of the code horizontal clearances on installations of the type authorized were 10 feet. Thus it would appear that the taking impinges upon land owned by respondent and not included within the bounds of the highway. In addition appellant has acquired the right to cut and trim trees for a clearance of 10 feet from any conductors on its crossarms, and this right also impinges upon lands of the

respondent not within the bounds of the highway. All of the circumstances taken together would indicate that an award of $1,000, while high, is not such as to shock the conscience of the court, and no erroneous theory of damages has been shown. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.